In the Matter of Robert R. **RICHARDS** and Gail L. Richards, Debtors.

Nos. BK–63–1324, 63–1325.

United States District Court
D. Maine, S. D.

Oct. 1, 1969.

Gerald S. Cope, Portland, Me., Trustee, James R. Flaker, Portland, Me., Charles W. Smith, Saco, Me., for Trustee.

George P. Limberis, Bangor, Me., for Debtors.

John J. Flaherty, Christopher A. Moen, Jr., Theodore H. Kurtz, Portland, Me., Edward L. Caron, Biddeford, Me., for Aetna Finance Co., Creditor.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER OF THE COURT ON REMAND

GIGNOUX, District Judge.

This is a proceeding to determine the validity of a claim for $957.22 filed by Aetna Finance Company of Maine (Aetna) in these consolidated wage earner proceedings under Chapter XIII of the Bankruptcy Act, 11 U.S.C. § 1001 *et seq.* (1964). It is again before the Court, acting in the stead of the Referee in Bankruptcy, on remand from the United States Court of Appeals for the First Circuit for further proceedings consistent with that Court's opinion of May 21, 1969, Cope, Trustee v. Aetna Finance Company of Maine, 412 F.2d 635 (1st Cir.1969). Counsel have agreed that the only issue presented on remand is whether the credit life insurance rate of $1.00 per hundred dollars of indebtedness and the credit health and accident insurance rate on a three-day retroactive basis charged by Aetna to the debtors on July 2, 1962 were in excess of the rates for such insurance authorized at the time. Counsel have further agreed that the resolution of this issue depends upon whether there was in existence before September 16, 1961 (as contended by the trustee) or before January 1, 1962 (as contended by Aetna) a master policy providing for the foregoing premium rates charged the debtors, the effect of which was to validate such rates under the "grandfather clause" in the Maine Credit Insurance Law, either as originally enacted (P.L. (Me.) 1961, ch. 221, § 170–G (VI)) or as subsequently revised (24 M.R.S.A. § 1207(6) (1964)).

Having considered the entire record in this proceeding, including the additional stipulations and evidence presented by the parties at a hearing on July 31,

818

1969, and having also considered the written and oral arguments of counsel, the Court now makes its findings of fact and conclusions of law with respect to the above issue, and enters its order as follows:

## FINDINGS OF FACT

The Court's findings of fact are:

1. The credit life insurance rate of $1.00 per hundred dollars of indebtedness charged by Aetna to the debtors on July 2, 1962 was first established by the master policy dated December 31, 1961 issued by Old Republic Life Insurance Company (Old Republic) to Aetna Finance Company of St. Louis (Aetna of St. Louis), a copy of which is in evidence as Remand Exhibit No. 2. This master policy was in fact not executed and delivered by Old Republic to Aetna of St. Louis until May 1962. *See* Trustee's Exhibits 32–35, inclusive.

2. The credit health and accident insurance rate on a three-day retroactive basis charged by Aetna to the debtors on July 2, 1962 was first established by a rider to the foregoing master policy, the rider being dated December 31, 1961 and a copy thereof being in evidence as a part of Remand Exhibit No. 2. This rider was in fact not executed and delivered by Old Republic to Aetna of St. Louis until May 1962. *See* Trustee's Exhibits 32–35, inclusive.

3. There was no master policy or rider to a master policy in existence before May 1962 which provided for either the credit life insurance rate of $1.00 per hundred dollars of indebtedness or the credit health and accident insurance rate on a three-day retroactive basis which was charged to the debtors on July 2, 1962.

## CONCLUSIONS OF LAW

The Court's conclusions of law are:

1. The premium rates for credit life insurance and credit health and accident insurance charged by Aetna to the debtors on July 2, 1962 were not authorized by the "grandfather clause" in the Maine Credit Insurance Law, either as originally enacted (P. L. (Me.) 1961, ch. 221, § 170–G (VI)) or as subsequently revised (24 M.R.S. A. § 1207(6) (1964)).

2. The credit life insurance rate of $1.00 per hundred dollars of indebtedness and the credit health and accident insurance rate on a three-day retroactive basis charged by Aetna to the debtors on July 2, 1962 were in excess of the rates for such insurance authorized at the time.

3. Aetna's claim must be disallowed.